IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES CRAWLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 1:24-cv-06692 |
| v. | ) |
| | ) HON. ANDREA R. WOOD |
| NEO4J, INC., a Delaware corporation; STEVE TUREK; KRISTIN CABOT; MARC ROUALET; ALYSON WELCH; CLIFF BOCKARD; KENT CORSON; and ALYSSA PERREAULT, | ) |
| | ) |
| Defendants. | ) |

**MOTION TO DISMISS OR COMPEL
ARBITRATION AND STAY PROCEEDINGS**
*\*ORAL ARGUMENT REQUESTED\**

**NOW COMES** Defendant, NEO4J, Inc. ("NEO4J"), files with this Honorable Court its Motion to Dismiss or Compel Arbitration and Stay Proceedings pursuant to Fed. R. Civ. P. 12(b)(3) and 9 U.S.C. §§ 3-4. In support, NEO4J states as follows:

**BACKGROUND**

Plaintiff, Charles Crawley ("Plaintiff"), is a former sales representative for Defendant, NEO4J, Inc. ("NEO4J"). (**Exh. 1**, Compl., at ¶¶ 22-24). On May 29, 2024, Plaintiff filed a complaint ("Complaint") in the Circuit Court of Cook County, Illinois, against Defendants alleging that NEO4J breached its contract employment contract with Plaintiff and failed to pay him $643,471 in commissions, bonuses, and incentive payments. (**Exh. 1**, Compl., at ¶¶ 120-25). On July 31, 2024, Defendants removed the lawsuit from Cook County to this Court based upon 28 U.S.C. §§ 1332(a), 1441(b), and 1446(a).

A copy of Plaintiff's Complaint along with exhibits is attached hereto as **Exhibit 1**. In the 284 paragraphs of his Complaint, Plaintiff included the following eleven (11) counts against

NEO4J and seven (7) other individual employees arising from his claim that NEO4J breached its contract employment contract and failed to pay him $643,471 in commissions, bonuses, and incentive payments:

    Count I: Breach of Contract against NEO4J

    Count II: Violation of Illinois Wage Payment and Collection Act against NEO4J

    Count III: Violation of Illinois Wage Payment and Collection Act against Steve Turek

    Count IV: Violation of Illinois Wage Payment and Collection Act against Kristin Cabot

    Count V: Violation of Illinois Wage Payment and Collection Act against Alyson Welch

    Count VI: Violation of Illinois Wage Payment and Collection Act against Marc Roualet

    Count VII: Violation of Illinois Wage Payment and Collection Act against Cliff Bockard

    Count VIII: Violation of Illinois Wage Payment and Collection Act against Kent Corson

    Count IX: Violation of Illinois Wage Payment and Collection Act against Alyssa Perreault

    Count X: Violation of Illinois Sales Representative Act against NEO4J

    Count XI: Unjust Enrichment against NEO4J

(**Exh. 1**, Compl.).

Each and every claim asserted by Plaintiff arises out of his employment with NEO4J. Attached to the Complaint as Exhibit A is a copy of his offer of employment letter with NEO4J which sets forth the terms of his employment he admits that he signed on August 12, 2022. (**Exh. 1**, Compl., at ¶ 23; Exh. A). That employment letter (also referred to as "compensation letter") very clearly requires arbitration for "**any** dispute or claim relating to or arising out of the employment relationship" with NEO4J:

> **6. Arbitration Agreement**
> In the event of any dispute or claim relating to or arising out of the employment relationship between you and Company or the termination of that relationship (including,

but not limited to, any claims of breach of contract, wrongful termination, retaliation, or discrimination), you and Company mutually agree that all such disputes shall be fully and finally resolved by private, binding arbitration conducted before a single neutral arbitrator in San Mateo County, California, pursuant to the rules for arbitration of employment disputes by the American Arbitration Association (available at www.adr.org/employment) or through the Company's Human Resources Department. The Federal Arbitration Act applies to this Arbitration Agreement, as well as the rules set forth in the California Arbitration Act, Code of Civil Procedure section 1280, et seq. (available on-line at www.leginfo.ca.gov/calaw.html). The arbitrator shall permit adequate discovery, including discovery pursuant to section 1283.05 of the California Code of Civil Procedure. In addition, the arbitrator is empowered to award all remedies otherwise available in a court of competent jurisdiction; however, you and Company each retain the right under section 1281.8 of the California Code of Civil Procedure to seek provisional remedies. Any judgment rendered by the arbitrator may be entered by any court of competent jurisdiction. The parties will pay the fees and costs of arbitration in accordance with applicable law and the AAA Rules. Each party will pay for its own costs and attorneys' fees, if any, but if any party prevails on a claim which affords the prevailing party attorneys' fees, the arbitrator may award reasonable fees to the prevailing party as provided by law. The arbitrator shall issue an award in writing and state the essential findings and conclusions on which the award is based. By executing this Agreement, you and Company are both waiving the right to a trial by judge or jury with respect to any such disputes. Further, you and the Company agree to bring any claim or dispute in arbitration on an individual basis only, and not as a class or collective action, and there will be no right or authority for any claim or dispute to be brought, heard or arbitrated as a class or collective action ("Class Action Waiver"). Regardless of anything else in this Arbitration Agreement and/or the AAA Rules, or any amendments and/or modifications to those rules, any claim that all or part of the Class Action Waiver is invalid, unenforceable, unconscionable, void or voidable, may be determined only by a court of competent jurisdiction and not by an arbitrator. Notwithstanding the foregoing, the following claims are expressly excluded from arbitration: (i) Workers' Compensation benefits, state disability insurance benefits or unemployment insurance benefits; (ii) disputes that an applicable federal statute expressly states cannot be arbitrated or subject to a pre-dispute arbitration agreement; and (iii) representative actions for civil penalties filed under the California Private Attorney General Act, which may only be maintained in a court of competent jurisdiction. This Arbitration Agreement survives the termination of your employment with the Company, and may only be modified or terminated by a writing signed by both you and the Company. If any provision of this Arbitration Agreement is adjudged to be invalid, unenforceable, unconscionable, void or voidable, in whole or in part, such adjudication will not affect the validity of the remainder of the Arbitration Agreement. All remaining provisions will remain in full force and effect.

(**Exh. 1**, Compl., Exh. A).

Given that every one of the claims asserted by Plaintiff relate to or arise out of his employment with NEO4J, the arbitration provision applies, and venue is only proper in arbitration in San Mateo County, California.

**LEGAL STANDARD**

Motions to compel arbitration based upon the terms of a contract concern venue and are properly addressed under Federal Rule of Civil Procedure 12(b)(3). *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 773 (7th Cir. 2014) (Rule 12(b)(3) applies because, "An agreement to arbitrate is a type of forum selection clause."); *Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Care Rental USA, Inc*., 502 F.3d 740, 746 (7th Cir. 2007) (A motion to dismiss based upon a contractual arbitration clause is appropriately "conceptualized as an objection to venue, and hence properly raised under Rule 12(b)(3)."). Forum selection clauses are valid and enforceable under both federal and Illinois law. *IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc*., 437 F.3d 606, 611-12 (7th Cir. 2006). The Seventh Circuit has recognized that a valid forum selection clause renders venue improper in any forum other than the one selected by contract. *See, e.g., Muzumdar v. Wellness Intern. Network, Ltd*., 438 F.3d 759 (7th Cir. 2006).

In assessing a motion to dismiss under Rule 12(b)(3), the court may examine facts outside the complaint. *Rotec Indus., Inc. v. Aecon Group, Inc*., 436 F. Supp. 2d 931, 933 (N.D. Ill. 2006). Because a motion to compel arbitration is treated as an assertion that the court lack subject-matter jurisdiction, the court may also consider background information in the form of exhibits and affidavits. *Reinke v. Circuit City Stores, Inc*., 2004 WL 442639 (N.D. Ill. March 8, 2004) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561; 112 S. Ct. 2130; 119 L.Ed.2d 351 (1992).

Additionally, Title 9 of the United States Code provides for the enforcement of an arbitration provision in an employment contract. 9 U.S.C. § 2. *See also Heinen v. Northrop Grumman Corp*., 671 F. 3d 669, 671 (7th Cir. 2012) (Court upholds the enforceability of an arbitration agreement in an employment agreement). Upon petition, court can stay any suit or

4

proceeding if the court is satisfied that the issue involved in the suit or proceeding is referable to arbitration under the agreement. 9 U.S.C. §§ 3 and 4.

## ARGUMENT

Arbitration is a matter of contract and "courts must 'rigorously enforce' arbitration agreements according to their terms." *Jackson*, 764 F.3d at 773-74. In Illinois, a party to a contract is charged with knowledge of and assert to a signed agreement. *Melena v. Anheuser-Busch, Inc*., 219 Ill. 2d 135; 847 N.E.2d 99, 108 (2006) (Court enforces arbitration agreement under common-law principles). Ignorance of the contract's arbitration provision is no defense. *Breckenridge v. Cambridge Homes, Inc*., 246 Ill. App. 3d 810; 616 N.E.2d 615, 620 (2d Dist. 1993) ("A party who has had an opportunity to read a contract before signing, but signs before reading, cannot later plead lack of understanding."). There is no dispute that attached to the Complaint as Exhibit A is the agreement that Plaintiff entered into with NEO4J and that those documents sets forth the agreed-upon terms of his employment. (**Exh. 1**, Compl. at ¶¶22-23). That is precisely why Plaintiff attached those documents to the Complaint and Plaintiff cannot establish a claim against NEO4J without them. As quoted above, paragraph 6 is very clear that the parties must arbitrate "**any** dispute or claim relating to or arising out of [Plaintiff's] employment relationship" with NEO4J (**Exh. 1**, Compl., Exh. A). The agreement further makes clear that, "This arbitration agreement survives the termination of your employment with the Company and may only be modified or terminated by a writing signed by both you and the Company." (**Exh. 1**, Compl., Exh. A).

As described above, Plaintiff's claims all arise out of the termination of his employment with NEO4J and his allegation that he is owed $643,471 in commissions, bonuses, and incentive payments. These claims clearly fall within the arbitration provision, so Plaintiff must prove that the arbitration provision was modified or terminated by a writing signed by him and NEO4J. He cannot do so because the parties never agreed to modify or terminate the arbitration provision.

5

It appears to be Plaintiff's position that, although the employment agreement requires arbitration for "any dispute or claim relating to or arising out of the employment relationship," the subsequent 2023 Compensation Plan (attached to Complaint as Exhibit E) indicates that it supersedes all prior agreements and does not include an arbitration provision (it does not mention arbitration at all). Accordingly, Plaintiff apparently argues, he is not required to arbitrate his dispute over his final compensation. This argument is unreasonable because it is inconsistent with the rules of contract interpretation and would require this Court to entirely disregard paragraph 6 of Plaintiff's employment agreement.

The rules of contract interpretation require the Court to give effect to the intention of the parties by looking to the documents as a whole, viewing each provision in light of the other provisions. *Thompson v. Gordon*, 241 Ill. 2d 428, 441 (2011). Courts in Illinois have long held that this requires ascribing meaning to every clause and harmonizing the various parts so that no provision is deemed conflicting, repugnant, or neutralizing of any other:

> In construing contracts, to determine their intent, it is long established that a construction should be adopted, if possible, which ascribes meaning to every clause, phrase and word used; which requires nothing to be rejected as meaningless, or surplusage; which avoids the necessity of supplying any word or phrase that is not expressed; and which harmonizes all the various parts so that no provision is deemed conflicting with, or repugnant to, or neutralizing of any other.

*Coney v. Rockford Life Ins. Co.*, 67 Ill. App. 2d 395 (3d Dist. 1966).

Here, this Court must analyze the documents together and attempt to harmonize them, without rendering any of the provisions surplusage or nugatory. Plaintiff's argument that the provisions of the employment agreement should be completely ignored is not reasonable and must be rejected. The more reasonable approach, and the clear intent of the parties, was only for the 2023 Compensation Plan to supersede any prior agreement *to the extent there was a conflict on the matters covered*. The parties did not intend, and the Court should not interpret, that the 2023

Compensation Plan entirely replaced all prior agreements regardless of any matters covered or actual conflict. This interpretation will harmonize the documents, avoid unnecessary conflicts, and will lead the Court to uphold the arbitration provision.

If it is Plaintiff's position that the 2023 Compensation Plan attached to the Complaint as Exhibit E is a whole-sale replacement of all prior agreements, the Terms and Conditions of the 2023 Compensation Plan directly contradict that position. For example, the Terms and Conditions make clear that the 2023 Compensation Plan only supersedes and replaces other agreements with respect to the terms set forth therein and the covered subjects, in conjunction with Plaintiff's Compensation Letter:

> B. This Plan is effective beginning January 1, 2023. In accordance with Section XI. E, the Plan supersedes and replaces any and all other agreements, representations or understandings, either written or oral, with respect to any of the terms set forth in this Plan. The Plan shall be
>
> …
>
> E. **Entire Agreement, Amendment & Termination of Plan:** This Plan together with each Plan Participant's Compensation Letter represent the entire agreement and understanding between the Company and the Plan Participant concerning the subject matter hereof and, supersede and replace any and all prior agreements and understandings concerning the covered subjects. The

(**Exh. 1**, Compl., Exh. E, ¶¶ B and E).

Plaintiff's interpretation would also lead to other conflicts in the documents. For example, the 2023 Compensation Plan, which is attached to the Complaint as Exhibit E, makes very clear that it is not an employment agreement:

> D. **Not an Employment Agreement:** Nothing contained in this Plan shall constitute an employment agreement or modify the employment or service status of a Plan Participant. This Plan shall not be construed to create a contract of employment for a specified period between Company and any Plan Participant.

(**Exh. 1**, Compl., Exh. E, ¶ D).

If it is Plaintiff's position that the 2023 Compensation Plan completely supersedes his employment agreement regardless of any actual conflict, this provision clearly contradicts his

7

position. Further, if Plaintiff's claims are based entirely on the 2023 Compensation Plan, he has failed to state a claim upon which relief can be granted since the 2023 Compensation Plan expressly does not constitute an employment agreement. Since the 2023 Compensation Plan intrinsically recognizes that it must paired with the employment agreement, a more reasonable interpretation is that the 2023 Compensation Plan only supersedes to the extent of an actual conflict.

A clear indication that the 2023 Compensation Plan was not intended to be a whole-sale replacement of all terms of Plaintiff's employment is the fact that the 2023 Compensation Plan repeatedly refers to the terms of the compensation letter. For example, here are provisions relating to every form of compensation at issue in this lawsuit – commissions, bonuses, incentive programs – which all expressly depend upon, or even acknowledge they are superseded by, the terms of the compensation letter:

> **II. ON-TARGET EARNINGS COMPONENTS**
>
> The Plan Participant's on-target earnings ("OTE") consist of a base salary or base fee (as outlined in each Plan Participant's employment or contractor agreement, as applicable) and incentive compensation such as commissions, bonuses, and Sales Performance Incentive Funds ("SPIFF"). Variable compensation components and rates are outlined within each Plan Participant's Compensation Letter.
>
> **A. Base Salary/Base Fee:** Base salary or base fee is the fixed portion of a Plan Participant's compensation, as set out in the Plan Participant's employment agreement or contractor agreement, as applicable, or in the Plan Participant's compensation letter. This is intended to
> …
>
> **B. Incentive Compensation:** Incentive compensation is the variable portion of a Plan Participant's compensation. In a given pay period, this may include:
>
> - Commissions:
>   The target compensation amount in addition to the base salary or the base fee (as applicable), i.e. the variable portion of the Plan Participant's OTE. This consists of earnings opportunities that are based on the Plan Participant's achievement against quota or assigned targets in this plan period. The base payout rates for this component are outlined within the Compensation Letter. Accelerators are paid on overachievement against quotas, as defined in the Compensation Letter.

> …
>
> **III. QUOTA CREDIT**
>
> Quota and individual targets applicable to each Plan Participant will be defined in the Participant's Compensation Letter.
>
> …
>
> A. **Payment Timing**: Incentive payments will be settled on a quarterly basis and made in the month following the quarter in which the quota credit was recorded (no later than the second payroll date of the month, if applicable) (unless the Compensation Plan letter provides other terms and if so, such terms and conditions will supersede terms and conditions in this document).
>
> …
>
> E. **Entire Agreement, Amendment & Termination of Plan:** This Plan together with each Plan Participant's Compensation Letter represent the entire agreement and understanding between the Company and the Plan Participant concerning the subject matter hereof and, supersede and replace any and all prior agreements and understandings concerning the covered subjects. The

(**Exh. 1**, Compl., Exh. E, ¶¶ II.A.; II.B.; III; VIII.A.; and VIII.E.).

If, as Plaintiff appears to argue, the 2023 Compensation Plan was intended as a whole-sale replacement of all prior employment terms, then it would not reply upon any of the terms of the compensation letter. The Court must take these provisions into consideration as well as others in harmonizing the documents, and this must result in the enforcement of the arbitration provision which is not in conflict or inconsistent with any provision in the 2023 Compensation Plan.

The 2023 Compensation Plan provided some additional terms relating to Plaintiff's compensation but did not modify or terminate the requirement of arbitration for any dispute. Plaintiff does not get to pick and choose the provisions from his compensation letter that he likes. The 2023 Compensation Plan expressly refers to and recognizes the continued application of the compensation letter, and the 2023 Compensation Plan does not say anything about arbitration. Accoridngly, the 2023 Compensation Plan cannot modify or terminate the arbitration provision and any disputes or claims must be brought in arbitration in San Mateo County, California.

9

**CONCLUSION AND REQUEST FOR RELIEF**

Venue is not proper. Plaintiff raced to the courthouse to try to circumvent the clear terms of his employment. For the reasons set forth herein, NEO4J respectfully requests that this Court dismiss all of Plaintiff's claims against NEO4J as well as the individual Defendants[1] or stay all of those case and order that the parties proceed with arbitration in San Mateo County, California pursuant to Fed. R. Civ. P. 12(b)(3) and 9 U.S.C. §§ 3-4, along with all other relief the Court finds just, proper, and appropriate.

NEO4J respectfully requests oral argument on this Motion.

Dated: August 7, 2024                  Respectfully Submitted,

                                               By: _/s/_Nicholas J. Daly_____
                                                   Nicholas J. Daly
                                                   John P. Maniatis
                                                   Cruser Mitchell Novitz Sanchez Gaston Zimet LLP
                                                   205 N. Michigan Avenue, Suite 4240
                                                   Chicago, IL 60601
                                                   (312) 748-1302
                                                   ndaly@cmlawfirm.com
                                                   jmaniatis@cmlawfirm.com
                                                   *Attorneys for Defendants*

---

[1] The individual Defendants are all non-resident employees of NEO4J. Each of those individual Defendants have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) based upon lack of personal jurisdiction. Additionally, in the event that this Court grants the relief sought by this Motion (whether dismissal or compelling arbitration), that relief should also extend to the individual Defendants as third party beneficiaries of the arbitration provision. *See, e.g.*, *Johnson v. Noble*, 240 Ill. App. 3d 731; 608 N.E.2d 537 (1st Dist. 1992) (third-party beneficiary doctrine applies to arbitration agreements).

## **CERTIFICATE OF SERVICE**

I, the undersigned counsel, state that I caused copies of the foregoing (with Exhibits) to be served by email to the following attorneys of record from the state court proceeding on August 7, 2024:

    Patricia C. Durkin, Esq.
    Law Offices of Terrence F. Durkin
    Attorneys for Plaintiff
    738 E. Dundee Rd., #328
    Palatine, Illinois 60074
    (847) 977-8309
    pcdurkin@comcast.net

Dated: August 7, 2024        By: _/s/_ *Nicholas J. Daly*____
                                      Nicholas J. Daly
                                      John P. Maniatis
                                      Cruser Mitchell Novitz Sanchez Gaston Zimet LLP
                                      205 N. Michigan Avenue, Suite 4240
                                      Chicago, IL 60601
                                      (312) 748-1302
                                      ndaly@cmlawfirm.com
                                      jmaniatis@cmlawfirm.com
                                      *Attorneys for Defendants*