IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHARLES CRAWLEY**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:24-cv-06692 |
| | ) |
| **NEO4J, INC.**, a Delaware corporation; | ) |
| **STEVE TUREK; KRISTIN CABOT;** | ) |
| **MARC ROUALET; ALYSON WELCH;** | ) |
| **CLIFF BOCKARD; KENT CORSON;** | ) |
| **and ALYSSA PERREAULT,** | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff, CHARLES CRAWLEY, through his attorneys, Law Offices of Terrence F. Durkin, files this Motion to Remand pursuant to 28 U.S.C. §1447(c), and states as follows:

**BACKGROUND**

1. This matter arises out of a breach of compensation agreement between Plaintiff and his employer, Defendant, NEO4J, Inc.

2. Plaintiff was an outside sales representative for Defendant, Neo4j, who secured sales orders for Neo4j products that he sold to customers within his exclusive sales territory and in return Defendant, Neo4j, paid Plaintiff commissions on earned sales orders pursuant to his compensation agreement. (*See* Plaintiff's Complaint at Law at ¶¶22-28 hereto attached **Exhibit 1**).

3. On December 7, 2023 in Chicago, Illinois via Zoom , Defendant, STEVE TUREK, the Vice President of Sales for the US Central Region of Neo4j, Inc. abruptly informed Plaintiff of his immediate termination. (**Exh. 1**, Compl., at ¶96) -- one week after Plaintiff closed the largest sales order for Defendant, Neo4j in 2023 – a $4.6 million dollar multi-year contract with

1

customer, HCSC for which Plaintiff was to receive a commission of $514,000.00. (**Exh. 1**, Compl., at ¶¶80-87).

4. On May 29, 2024, Plaintiff filed his Complaint at Law in the Law Division of the Circuit Court of Cook County alleging breach of contract, violation of the Illinois Wage Payment and Collection Act, violation of the Illinois Sales Representative Act and unjust enrichment arising from Neo4j withholding over $643,000.00 in earned commissions (including the aforesaid HCSC commission), bonuses and spiffs due to Plaintiff. (**Exh. 1**).

5. Plaintiff named Neo4j executives, who served as members on Neo4j Compensation Governance Committee, as Defendants that Steve Turek (hereafter "TUREK"), Alyson Welch (hereafter "WELCH"), Kristin Cabot (hereafter "CABOT"), Cliff Bockard (hereafter "BOCKARD"), Marc Roualet (hereafter "ROUALET"), Kent Corson (hereafter "CORSON"), and Alyssa Perreault (hereafter "PERREAULT"). Members of the Neo4j Compensation Committee were the sole arbitrators on whether Neo4j would pay earned commissions to its sales representatives. Plaintiff alleges that one, some or each of the Defendants willfully withheld Plaintiff's earned compensation that totaled $643,000.00. (**Exh. 1**, Compl., at ¶¶8-21).

6. Plaintiff alleged in his Complaint at Law the state of citizenship for each Defendant. (**Exh. 1**, Compl., at ¶¶2-21).

7. Plaintiff alleged that Defendant, STEVE TUREK, was a citizen of the State of Illinois. (**Exh. 1**, Compl., at ¶7).

8. Defendant, TUREK, is the Vice President of US Sales Central Region for Neo4j and was Plaintiff's direct supervisor. Defendant, TUREK, also supervised over 10 other Neo4j employees who are required to reside in Chicago, Illinois. Defendant, Neo4j, Inc., requires its Chicago job applicants to reside in Chicago including Plaintiff when he was hired by Neo4j in

August of 2022. (*See* Declaration of Plaintiff, Charles Crawley attached hereto as Exhibit 2) Neo4j's most recent post for an open position in Chicago requires the applicant to reside in Chicago. (*See* Neo4j job post hereto attached as Exhibit 3).

9. Neo4j, Inc. does not have a regional office in Florida, nor do they have any employees in the state of Florida. (**Exh. 2**, Declaration of Plaintiff, Charles Crawley)

## VENUE AND SUBJECT MATTER JURISDICTION

10. On July 31, 2024, Defendants, CABOT, WELCH, ROUALET, and PERREAULT, pursuant to 28 U.S.C. § 1446(a), file their Notice of Removal claiming diversity.

11. Specifically, Defendants state subject matter jurisdiction under 28 U.S.C. § 1332(a) exists because (1) there is complete diversity of citizenship between Plaintiff and Defendants; (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and (3) there is compliance with all removal requirements. (Dkt. #1 at p.2)

12. Plaintiff's Complaint at Law, however, alleges that Defendant, TUREK, is a citizen of Illinois. (**Exh. 1**, Compl., at ¶7)

## DIVERSITY JURISDICTION

13. As this Court noted in *Brown v. Gartner*, 1:20-cv-05195, (3/31/2023 Order, Dkt. #75 at 2), "The party invoking federal jurisdiction "must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence." *(citing LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 548 (7th Cir. 2008) (citation omitted)).

14. When addressing a challenge to subject-matter jurisdiction, the Court must determine whether the party is raising a factual or facial challenge. *Brown* at 2 (citing *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015)).

15. While a factual challenge asserts that "there is in fact no subject matter jurisdiction, even if the pleadings are formally sufficient," a facial challenge contends that "the plaintiff has not sufficiently alleged a basis of subject matter jurisdiction." *Brown* at 2 (emphasis in original) (citation omitted).

16. For a factual challenge, the Court is not bound by the pleadings and may "view any evidence submitted to determine if subject[-]matter jurisdiction exists." *Brown* at 2 (internal citation omitted).

17. In contrast, the Court must not ""look beyond the allegations in the complaint, which are taken as true,"" in reviewing a facial challenge. *Brown* at 2 (citing *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009)) (internal citation omitted).

18. In the present case, Defendants dispute Plaintiff's allegation that Defendant, TUREK is an Illinois citizen -- a factual challenge – that will allow this Court to consider evidence outside of the pleadings.

19. Diversity jurisdiction exists in cases where the amount in controversy exceeds $75,000 and the matter is between citizens of different states. 28 U.S.C. § 1332(a)(l).

20. "Citizenship depends not on residence but on domicile, which means the place where a person intends to live in the long run." *RTP LLC v. Orix Real Est. Cap., Inc.*, 827 F.3d 689, 692 (7th Cir. 2016).

21. Domicile consists of two elements: "(1) physical presence and (2) intent to remain." *Brown* at 2 (citing *Schuld v. Thodos*, No. 21-CV-1807, 2022 WL 888870, at *7 (N.D. Ill. Mar. 25, 2022) (citing *Salem v. Egan*, 803 F. App'x 928, 931 (7th Cir. 2020)).

22. A person retains their old domicile until they move to a different state with the intent to remain there indefinitely. *Brown* at 2 (citing *Bakhtiari v. Doe*, No. 22 C 2406, 2023 WL 415548, at *2 (N.D. Ill. Jan. 25, 2023)).

23. "[I]ntent is a state of mind which must be evaluated through the circumstantial evidence of a person's manifested conduct." *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir.1980) (internal citation omitted).

24. In determining a person's domicile, courts consider several factors, including "current residence, location of belongings and personal property, voter registration, driver's license and vehicle registrations, place of employment, presence of family members, and extent of social involvement in the surrounding community, among others*.*" *Brown* at 3 (citing *24 Hour Fitness USA, Inc. v. Bally Total Fitness Holding Corp.,* No. 08 CV 3853, 2008 WL 4671748, at *3 (N.D. Ill. Oct. 21, 2008)) (citing *Sadat,* 615 F.2d at 1181 & n.5); accord *Bakhtiari v. Doe*, No. 22 C 2406, 2023 WL 415548, at *2.

25. No single factor is dispositive. *Brown* at 3 (citing *Strabala v. Zhang*, 318 F.R.D. 81, 97 (N .D. Ill. 2016). Courts review "a party's entire course of conduct" when evaluating their intent to remain. *Brown* at 3 (citing *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993)).

26. In the present case, Defendants assert essential one single factor that establishes Defendant, TUREK is a citizen of Florida – his Declaration that he is citizen of Florida with his Florida Driver's License to support that Declaration.

27. TUREK's Declaration is not dispositive of his citizenship. *Strabala* at 97. As the United States Court of Appeals for the Seventh Circuit noted in *Perry*, courts review "a party's entire course of conduct" when evaluating their intent to remain. *Perry,* 16 F.3d 138 at 140.

5

28. "The party invoking federal jurisdiction bears the burden of demonstrating its existence." *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006)

29. Plaintiff states that all his in-person meetings with Defendant, TUREK, occurred in Chicago, Illinois. Plaintiff never met with Defendant TUREK in Naples, Florida. (**Exh.2**, Declaration of Plaintiff, Charles Crawley)

30. Plaintiff states that on December 7, 2023, Defendant, TUREK fired Chuck in Chicago, Illinois. On December 8, 2023, Defendant, TUREK text Plaintiff inviting him to go out for drinks in Chicago, Illinois. Plaintiff declined the invitation. (**Exh.2**, Declaration of Plaintiff, Charles Crawley)

31. Since September of 2017, Defendant, TUREK, has been the Vice President of US Sales Central Region for Neo4j and was Plaintiff's direct supervisor. Defendant, TUREK, also supervised over 10 other Neo4j employees who are required to reside in Chicago. Plaintiff states that Defendant, Neo4j, Inc., requires its Chicago job applicants to reside in Chicago including Plaintiff when he was hired in August of 2022. (**Exh. 2**, Declaration of Plaintiff, Charles Crawley) Neo4j's most recent post for an open position in Chicago requires the applicant to reside in Chicago. (See Neo4j recent job post hereto attached as **Exhibit 3**).

32. Neo4j, Inc. does not have a regional office in Florida, nor do they have any employees in the state of Florida. (**Exh. 2**, Declaration of Plaintiff, Charles Crawley)

33. Plaintiff states that in his conversation with Defendant, TUREK stated his family lived in Chicago, Illinois and his children attended high school in Chicago, Illinois. (**Exh. 2**, Declaration of Plaintiff, Charles Crawley)

34. Defendant, TUREK's own LinkedIn profile states that his location is Chicago, Illinois and Naples, Florida. (See Defendant, TUREK's LinkedIn Profile hereto attached as **Exhibit 4**).

35. Defendant, TUREK, has spent most of his life in Illinois. He grew up in the Chicagoland area, attended DePaul University in Chicago, and his entire career has been based out of Chicago, Illinois with various companies. (**Exh. 4**, TUREK's LinkedIn Profile)

36. Plaintiff states that Defendant, TUREK would vacation or spend time in Florida like many citizens of Illinois. (**Exh. 2**, Declaration of Plaintiff, Charles Crawley)

37. In considering Defendant, TUREK's entire course of conduct regarding intent along with the various factors to consider when determining domicile, TUREK has not established his domicile in Florida.

38. Moreover, the State of Florida has a number of requirements for establishing residency in the State of Florida (such as the requirement that you must reside in the State of Florida for 183 days or more) that Defendant, TUREK's Declaration does not address.

39. Given the aforementioned facts, there is a question of fact regarding whether Defendant, TUREK, is domiciled in the State of Illinois or the State of Florida.

40. Accordingly, Plaintiff requests that this Court remand this matter back to the Law Division of the Circuit Court of Cook County, Illinois. In the alternative, Plaintiff requests that this Court grant him the ability to conduct limited discovery relating to the diversity issue and Defendant, TUREK's domicile.

41. WHEREFORE, Plaintiff seeks an Order remanding this matter to the Law Division of the Circuit Court of Cook County, Illinois. In the alternative, grant the Plaintiff the ability to conduct limited discovery relating to the diversity issue and Defendant, TUREK's domicile.

                  Respectfully submitted,

                  By: /s/ Patricia C. Durkin
                      Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, the undersigned counsel, state that I caused copies of the foregoing (with Exhibits 1 through 4) to be served by email to the following attorneys of record on August 15, 2024:

**Attorneys for the Defendants**
Mr. Nicholas J. Daly
Mr. John P. Maniatis
Cruser Mitchell Novitz Sanchez Gaston Zimet LLP
205 N. Michigan Avenue, Suite 4240
Chicago, IL 60601
(312) 748-1302
ndaly@cmlawfirm.com
jmaniatis@cmlawfirm.com

Dated:  August 15, 2024	By:  /s/ Patricia C. Durkin
	Patricia C. Durkin
	Law Offices of Terrence F. Durkin
	738 E. Dundee Rd., #328
	Palatine, Illinois 60074
	847-977-8309
	847-241-0221 (f)
	IL BAR #6204660
	pcdurkin@comcast.net